UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELLY R. IVY a/k/a SHELLY R. HARVEY, <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:19-cv-01642 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SHELLY R. IVY a/k/a SHELLY R. HARVEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NAVIENT SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Austin County, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is the largest servicer of student loans in the United States with its principal place of business located at 123 Justison Street, Wilmington, Delaware. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, student loans owed or due or asserted to be owed or due to others using the mail and telephone across the country, including in Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon student loans ("subject debt") purportedly owed by an individual unknown to Plaintiff.

10. Around the spring of 2018, Plaintiff began receiving calls to her cellular phone, (979) XXX-3951, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3951. Plaintiff was financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone number (317) 806-0580 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13. Upon information and belief, the above-referenced phone number ending in -0580 is regularly utilized by Defendant during its debt collection activity.

14. During answered calls, Plaintiff has been subjected to a "click" and noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

15. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone, so Plaintiff was confused as to why Defendant was contacting her.

16. Upon speaking with Defendant, Plaintiff is informed that Defendant is seeking to speak with "Lachicka Harvey," whom is unknown to Plaintiff.

17. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her.

18. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant.

19. Despite Defendant lacking permission to call Plaintiff's cellular phone, as well as being told on multiple occasions that it was contacting the wrong party and to stop calling, Defendant still placed not less than 100 phone calls to Plaintiff's cellular phone.

20. Defendant's harassing collection campaign caused Plaintiff to change her cellular phone number and incur costs associated with this change.

21. Moreover, Defendant has also attempted to collect from Plaintiff via e-mail on numerous occasions.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for another individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The "click" and noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded

4

that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

28.   Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

29. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHELLY R. IVY a/k/a SHELLY R. HARVEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31.  Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 100 times without her consent and attempting to collect upon a debt not owed by Plaintiff. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

37. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone and e-mails Defendant sent to Plaintiff. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to collect from her when Plaintiff did not owe the subject debt.

40. WHEREFORE, Plaintiff, SHELLY R. IVY a/k/a SHELLY R. HARVEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 6, 2019                                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                         *Counsel for Plaintiff*
Admitted in the Southern District of Texas                      Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com

7