UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHELLY R. IVY a/k/a SHELLY
HARVEY

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

    Defendant.

Case No. 4:19-cv-01642

# DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Navient Solutions, LLC ("NSL") answers Plaintiff Shelly R. Ivy a/k/a Shelly R. Harvey's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**ANSWER:** NSL admits that Plaintiff alleges claims under the TCPA and the TDCA, but denies Plaintiff is entitled to relief under either statute.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:** The allegations of paragraph 2 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied. To the extent further response is required,

NSL admits Plaintiff purports to invoke the jurisdiction of this Court pursuant to 47 U.S.C. §227, 28 U.S.C. §§ 1331, 1337 and 1367, but denies that any claim is properly asserted or that Plaintiff has suffered any injury or has standing to assert any claims. Except as specifically admitted, NSL denies the allegations of Paragraph 2.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**ANSWER:** The allegations of paragraph 3 of the Complaint state legal conclusions which require no response and, therefore, NSL denies them. To the extent a further response is required, NSL is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Austin County, Texas, which is located within the Southern District of Texas.

**ANSWER:** NSL admits that Plaintiff is a natural person but is without knowledge or information sufficient to form a belief as to where Plaintiff resides.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** The allegations of paragraph 5 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

6. Defendant is the largest servicer of student loans in the United States with its principal place of business located at 123 Justison Street, Wilmington, Delaware. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, student loans owed or due or asserted to be owed or due to others using the mail and telephone across the country, including in Texas.

**ANSWER:** NSL is without knowledge or information to form a belief as to the allegations of paragraph 6, and therefore, denies whether it is the "largest servicer of student loans in the United States." NSL admits that it is a student loan servicer. The remaining allegations of paragraph 6 of the Complaint state legal conclusions that do not require a response from NSL and, therefore, NSL denies them. To the extent a further response is required, NSL denies the remaining allegations of paragraph 6 of the Complaint.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** The allegations of paragraph 7 of the Complaint state legal conclusions which require no response and, therefore, NSL denies them.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER:** The allegations of paragraph 8 of the Complaint state legal conclusions which require no response and, therefore, NSL denies them.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon student loans ("subject debt") purportedly owed by an individual unknown to Plaintiff.

**ANSWER:** The allegations of paragraph 9 summarize the Complaint to which no response is required and, therefore, are denied. To the extent a response is required, NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 9 of the Complaint and, therefore, denies them.

10. Around the spring of 2018, Plaintiff began receiving calls to her cellular phone, (979) XXX-3951, from Defendant.

**ANSWER:** Denied.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3951. Plaintiff was financially responsible for the cellular phone and its services.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 11 of the Complaint and, therefore, denies them.

12. Defendant has primarily used the phone number (317) 806-0580 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 12 of the Complaint and, therefore, denies them.

13. Upon information and belief, the above-referenced phone number ending in -0580 is regularly utilized by Defendant during its debt collection activity.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 13 of the Complaint and, therefore, denies them.

14. During answered calls, Plaintiff has been subjected to a "click" and noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 14 of the Complaint and, therefore, denies them.

15. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone, so Plaintiff was confused as to why Defendant was contacting her.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 15 of the Complaint and, therefore, denies them.

16. Upon speaking with Defendant, Plaintiff is informed that Defendant is seeking to speak with "Lachicka Harvey," whom is unknown to Plaintiff.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 16 of the Complaint and, therefore, denies them.

17. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her.

**ANSWER:** Denied.

18. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant.

**ANSWER:** Denied.

19. Despite Defendant lacking permission to call Plaintiff's cellular phone, as well as being told on multiple occasions that it was contacting the wrong party and to stop calling, Defendant still placed not less than 100 phone calls to Plaintiff's cellular phone.

**ANSWER:** Denied.

20. Defendant's harassing collection campaign caused Plaintiff to change her cellular phone number and incur costs associated with this change.

**ANSWER:** Denied.

21. Moreover, Defendant has also attempted to collect from Plaintiff via e-mail on numerous occasions.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 21 of the Complaint and, therefore, denies them.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 22 of the Complaint and, therefore, denies them.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER:** Denied.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for another individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**ANSWER:** Denied.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers contained in paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER:** The allegations of paragraph 26 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The "click" and noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

**ANSWER:** Denied.

28. Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

**ANSWER:** Denied.

29. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**ANSWER:** The allegations of paragraph 29 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** The allegations of paragraph 30 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers contained in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

**ANSWER:** The allegations of paragraph 32 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

33. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

**ANSWER:** The allegations of paragraph 33 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**ANSWER:** The allegations of paragraph 34 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

    a. **Violations of TDCA § 392.302**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

**ANSWER:** The allegations of paragraph 35 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

36. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 100 times without her consent and attempting to collect upon a debt not owed by Plaintiff. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

**ANSWER:** Denied.

37. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

**ANSWER:** Denied.

      **b.**    **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

**ANSWER:** The allegations of paragraph 38 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied.

39. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone and e-mails Defendant sent to Plaintiff. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to collect from her when Plaintiff did not owe the subject debt.

**ANSWER:** Denied.

40. **WHEREFORE**, Plaintiff SHELLY R. IVY a/k/a SHELLY R. HARVEY, respectfully requests this this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

   f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

   g. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** NSL denies Ms. Ivy's entitlement to the relief sought in this prayer, including each subparagraph.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, due to lack of standing because Plaintiff suffered no concrete and particularized harm as a result of any alleged act or inaction of NSL. Further, even if Plaintiff suffered a concrete and particularized harm, that harm is not fairly traceable to NSL's alleged use of any alleged "automatic telephone dialing system."

2. Plaintiff is barred, in whole or in part, from maintaining her alleged cause of action because she provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), for all calls allegedly placed to her alleged cell phone number by any purported automatic telephone dialing system.

3.  Plaintiff's TCPA claim is barred because any attempted unilateral revocation of consent by Plaintiff was ineffective to the extent she contractually consented to receive calls to her cell phone number from an automatic telephone dialing system and/or using artificial voices or prerecorded messages in exchange for the extension of credit to her under one or more of the student loan contracts at issue.

4.  Plaintiff's TCPA claim is barred, in whole or in part, to the extent Plaintiff was not "charged" for any of the alleged calls to her cellular telephone number as required by 47 U.S.C. § 2227(b)(1)(A)(iii).

5.  To the extent that any of the calls allegedly placed to Plaintiff by NSL were manually dialed and/or not placed by an automated telephone dialing system as defined by the TCPA, they are not the type of telephone calls regulated by the TCPA.

6.  Plaintiff's claims are barred, in whole or in part, by the doctrines of knowledge, waiver, ratification, laches, estoppel, and/or unclean hands.

7.  Plaintiff's claims for damages are barred to the extent that recovery from NSL would result in Plaintiff's unjust enrichment.

8.  Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's damages were the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of NSL.

9.  Plaintiff's recovery of damages is barred, in whole or in part, because Plaintiff failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

10. Plaintiff's claim is barred, in whole or in part, because Plaintiff has not sustained any damages proximately caused by NSL.

11. Plaintiff is barred from recovering statutory damages for a willful and knowing violation of the TCPA because any such violation, which NSL denies, was not willful or knowing as a matter of fact and law.  At all times, NSL acted in good faith and without malice or intent to injure Plaintiff or to violate federal or state law.

12. Plaintiff's TCPA claim is barred by the Bipartisan Budget Act of 2015, to the extent the calls at issue were made by NSL to collect a debt owed to or guaranteed by the United States.

13. The imposition of liability and/or statutory damages under the TCPA would violate provisions of the United States Constitution and Texas Constitution, including but not limited to their due process clauses. When directed at telephone calls, statutory damages under the TCPA could rise quickly to thousands, tens of thousands, or hundreds of thousands of dollars of damages for alleged actions that caused no actual harm. Such damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar protections of the Texas Constitution.

14. Plaintiff's recovery, if any (which NSL denies), must be set-off or offset by the debt owed by Plaintiff on the promissory note(s) owed to and/or serviced by NSL.

15. NSL denies that Plaintiff is entitled to damages of the nature, type, and amount sought in the Complaint, or any relief whatsoever against NSL.

WHEREFORE, Defendant Navient Solutions, LLC prays that the Complaint be dismissed with prejudice, that Plaintiff take nothing on her claims, that judgment be entered in favor of NSL, that NSL be awarded attorney's fees and costs, and for further relief the Court deems proper.

Dated: July 8, 2019

*/s/ Adam C. Ragan*
Adam C. Ragan, Attorney-in-Charge
Texas Bar No. 24079172
S.D. Tex. Bar No. 2061493
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979-8229
aragan@huntonak.com

*Counsel for Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Adam C. Ragan*
    Adam C. Ragan